UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CLAUDIA ZAMORA, Individually and as Mother
and Natural Guardian of "JANE DOE", Infant,

                     Plaintiff,

      - against -

NORTH SALEM CENTRAL SCHOOL DISTRICT,
DEBRA JACKSON, Individually and as Superintendent,
DEBRA REINER, Individually and as Principal of
PEQUENAKONCK ELEMENTARY SCHOOL and
ROBERT GORDON,

                    Defendants.
------------------------------------------------------------------x

04 Cv. 08120 (CLB)

***Memorandum and Order***

Brieant, J.

      In this civil rights action filed October 15, 2004, Counsel for Plaintiff have submitted a letter dated May 24, 2005 seeking procedural relief from this Court. The letter is of the sort so often found in civil litigation, which increases costs and delay, and defies common sense. The familiarity of the reader therewith is assumed.

      This is a lawsuit in which the Plaintiff Mother alleges that her ten year old daughter was sexually abused by her then fifth grade teacher, defendant Robert Gordon. Mr. Gordon was named by the Plaintiff as a Defendant and was also sued by the other Defendants as Cross-Claimants. He is no longer employed by the School District, and the insurance carrier for the District has declined to provide a defense.

      This Court has urged Mr. Gordon, in his own interest, to retain counsel. So far, he has

failed or refused to do so and, by letter dated April 18, 2005, advised counsel for the Plaintiffs that he wished to continue to represent himself *pro se* in the matter, and requested to be informed of the scheduled Deposition dates. It is probably a fair inference that this Defendant is no longer employed as a teacher, lacks the funds to obtain counsel, and undoubtedly lacks enough money to respond to his share of Plaintiffs' demand for $47,500,000.00 in damages.

On February 9, 2005, the Hon. Gerald Loehr, County Judge of Westchester County, issued an Order of Protection that Gordon stay away from the child, her home, school, business or place of employment and refrain from communication or any other contact by mail, telephone, e-mail, voice mail or other means, and refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense or interference with the victim or members of her family or witnesses. The Order also provides for "no contact directly, indirectly or through third parties."

Plaintiffs' counsel have interpreted this Order to prevent the appearance and participation of the *pro se* Defendant (voluntarily sued by them) at the Depositions of the Plaintiffs. Counsel's letter dated May 24, 2005 also advised as follows:

> We are very concerned about the emotional trauma that would be caused to
> the infant Plaintiff by testifying in the physical presence of defendant
> Robert Gordon and, indeed, being questioned by Mr. Gordon in this matter.
> Plaintiffs will object to Mr. Gordon being present for their pretrial depositions
> and intend to rely upon the conditions of the permanent Order of Protection as
> well as relevant statutory provisions and case law in that regard.

This is silly. It is Plaintiffs who have brought the lawsuit and a Defendant, whether or

not represented by counsel, has the absolute right to be present at trial and also at depositions. The Defendant also has the right to appear *pro se* in the action.

Plaintiffs' Objections are rejected by the Court. However, to assure the maintenance of order, and to remove even the possibility of any harassment or trauma for the child, the Court, on its own motion, directs that the Deposition of the infant Plaintiff shall be held under the judicial supervision of the Hon. Lisa Margaret Smith, United States Magistrate Judge, at a date and time to be fixed by her.

Notwithstanding the Order of Protection issued by the County Court, defendant Robert Gordon, so long as he remains a party to this federal lawsuit, has the right to appear *pro se,* to attend the Deposition and interrogate the witness as permitted by law, under the direction and control of the Magistrate Judge. Conducting the Deposition under the supervision of a judicial officer will assure that there cannot be any harassment, inflection of trauma, or other improper conduct on the part of the defendant Gordon. Mr. Gordon also has the absolute right to be present and interrogate any witness at any other deposition so long as he maintains proper decorum. There is no necessity for the infant Plaintiff to attend depositions other than her own but this Court does not suggest that she cannot do so if she wishes to. If she does, defendant Gordon must refrain from speaking with her or addressing her in any way at depositions other than her own.

It should be clear that the Order of Protection must give way to the paramount jurisdiction of the United States District Court over this case, the Federal Rules of Civil Procedure and the necessities of justice.

The citations offered in support of this remarkable suggestion to the contrary are not in point. *Maryland v. Craig,* 497 U.S. 836 (    ) has to do with the protection of a child testifying as a witness in a criminal prosecution. In this case, the child is a Plaintiff seeking money damages. In *Fields v. Murray,* 49 F.3d 1024 (4th Cir., 1995), cited by the Plaintiffs' attorney, is a Fourth Circuit case and therefore has no precedential value. Here again, the issue concerned an infant victim in a criminal trial rather than an infant Plaintiff in a civil case. Similarly, *Spigarolo v. Meachum*, 934 F.2d 19 (2d Cir. 1991) involved the right of confrontation in a criminal case. New York Criminal Procedure Law, also cited, is inapplicable in this Court.

Treated as a Motion, the relief sought by Plaintiffs in their letter dated May 24, 2005 is denied except to the extent herein provided.

X

        X

                X

                      X

                            X

SO ORDERED.

Dated: White Plains, New York
      May 26, 2005

                                        _____
                                        Charles L. Brieant, U.S.D.J.